LAW OFFICE OF KURT DAVID HERMANSEN
Kurt David Hermansen, Cal. Bar No. 166349
110 West C Street, Suite 1810
San Diego, California 92101-3909
Telephone:  (619) 236-8300
Facsimile:   (619) 236-8400
KDH@KurtDavidHermansen.com
Attorney for Defendant
YOUSSEF MUSTAPHA HABHAB

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.    08cr0404 BEN |
| Plaintiff, ) | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |
| v. ) | |
| YOUSSEF MUSTAPHA HABHAB, ) | |
| Defendant. ) | |

## I. STATEMENT OF FACTS

In 08cr0404BEN, Mr. HABHAB is charged in a three-count Indictment filed February 15, 2008 charging intentional distribution of hydrocodone bitartrate.

## II. MOTION TO COMPEL DISCOVERY

Defendant moves for the production of discovery pursuant to FED. R. CRIM. P. 12(b)(4) and 16. This request is not limited to items the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any investigative or other governmental agencies closely connected to the prosecution. *See Kyles v. Whitley*, 514 U.S. 419, 437 (1995); *United States v. Bryan*, 868 F.2d 1032, 1035 (9th Cir. 1989).

    1.    <u>Defendant's Statements</u>.  The Government must reveal <u>all</u> written/oral statements made by Defendant, regardless of whether the Government intends to make any use

of those statements.  *See* FED. R. CRIM. P. 16(a)(1)(A); *id.* advisory committee's note (1991 amendments); *see also United States v. Bailleaux*, 685 F.2d 1105, 1113-14 (9th Cir. 1982).

2. <u>Personnel Records of Government Officers Involved in the Interrogation.</u> Defendant moves for production of all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of Defendant. *See Pitchess v. Superior Court*, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will be unable to procure them from any other source.

3. <u>Government Examination of Law Enforcement Personnel Files — Especially the Personnel Files and All Files Pertaining to the Interrogating Officers</u>. Defendant requests that the Government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. Defendant requests the attorney for the Government review these files for evidence of perjury or other similar dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *United States v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991). The obligation to examine files arises by virtue of the defense making a demand for their review. The Ninth Circuit in *Henthorn* remanded for *in camera* review of the agents' files because the government failed to examine the files of agents who testified at trial. This Court should therefore order the Government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Defendant before trial. Defendant specifically requests that the prosecutor, not the law enforcement officers, review the files in this case. The duty to review the files, under *Henthorn*, should be the prosecutor's. Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request. *See United States v. Jennings*, 960 F.2d 1488, 1492 (9th Cir. 1992); *see also Kyles v. Whitley*, 514 U.S. 438, 437 (1995) (prosecutors have "a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police").

   4. <u>Arrest Reports, Notes and Dispatch Tapes & Radio Traffic</u>. Defendant also specifically moves for a copy of all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding Defendant's arrest or any questioning. This request includes any **rough notes**, records, reports, transcripts or other documents in which Defendant's statements or any other discoverable material is contained.

   5. <u>Brady Material</u>. Defendant moves for a copy of all documents, statements, agents' reports, and tangible evidence favorable to Defendant on the issue of guilt or which affects the credibility of the Government's witnesses and case. Under *Brady*, impeachment and exculpatory evidence constitutes evidence favorable to the accused. *See United States v. Bagley*, 473 U.S. 667, 676-78 (1985); *United States v. Agurs*, 427 U.S. 97, 102-06 (1976).

   6. <u>Defendant's Prior Record</u>. Under FED. R. CRIM. P. 16(a)(1)(B), Defendant specifically moves for a copy of Defendant's prior criminal record within the possession, custody, or control of the government. Defendant specifically requests that the copy be complete and legible; faint, obscured or otherwise illegible copies of rap sheets are not acceptable.

   7. <u>Any Proposed 404(b) Evidence</u>. The government must produce evidence of "other acts" under FED. R. CRIM. P. 16(a)(1)(C) and FED. R. EVID. 404(b), 609. *See United States v. Vega*, 188 F.3d 1150, 1154 (9th Cir. 1999) (holding that Rule 404(b) "applies to all 'other acts,' not just bad acts"). This request includes any TECS records the Government intends to introduce at trial, whether in its case-in-chief, for possible impeachment, or in rebuttal. *Id.* In addition, under Rule 404(b), Defendant specifically requests the government "provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under FED. R. EVID. 404(b) at trial. *See id.* at 1154-55. Additionally, Defendant requests that such notice be given **three weeks** before trial to give the defense time to adequately investigate and prepare for trial.

   8. <u>TECS Reports</u>. Defendant moves for all TECS reports. Rule 404(b) "applies to all 'other acts,' not just bad acts." *Vega*, 188 F.3d at 1154; *see* FED. R .EVID. 404(b).

   9. <u>Evidence Seized</u>. Under Fed. R. Crim. P. 16(a)(1)(C), the defense moves for a copy of discovery of evidence seized as a result of any search.

10. <u>Request for Preservation of Evidence</u>. Defendant specifically moves for the preservation of all dispatch tapes and any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the Government and which relates to the arrest or the events leading to the arrest in this case. *See Riley*, 189 F.3d at 806-08. Defendant further requests that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist to instruct those parties to preserve it. This request also includes any material or percipient witness who might be deported or is otherwise likely to become unavailable (e.g., undocumented aliens and transients). U.S. Customs Service requires a court order for the preservation of narcotics, and Defendant hereby moves for such an order.

11. <u>Tangible Objects</u>. Under Fed. R. Crim. P. 16(a)(2)(C), Defendant specifically requests the opportunity to inspect and copy and test, if necessary, all documents and tangible objects, including any books, papers, photographs, buildings, automobiles, or places, or copies, depictions, or portions thereof which are material to the defense or intended for use in the government's case-in-chief, or were obtained from or belong to Defendant.

12. <u>Evidence of Criminal Investigation of Any Government Witness</u>. Defendant moves for production of any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

13. <u>Jencks Act Material</u>. Defendant moves for production in advance of trial of all material, including dispatch tapes, which the Government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500 and FED. R. CRIM. P. 26.2. Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1). *Campbell v. United States*, 373 U.S. 487, 490-92 (1963).

14. <u>Expert Summaries</u>. Defendant moves for production of written summaries of all expert testimony the Government intends to present under Federal Rules of Evidence 702,

1  703 or 705 during its case-in-chief, written summaries of the bases for each expert's opinion,
2  and written summaries of the experts' qualifications. FED. R. CRIM. P. 16(a)(1)(E)-(G).

3        15.   <u>Reports of Scientific Tests or Examinations</u>. Under Fed. R. Crim. P.
4  16(a)(1)(D), Defendant moves for discovery of the reports of all tests and examinations
5  conducted upon the evidence in this case, including but not limited to any fingerprint analyses
6  or chemical tests that are within the possession, custody, or control of the government, the
7  existence of which is known, or by the exercise of due diligence may become known, to the
8  attorney for the government, and which are material to the preparation of the defense or which
9  are intended for use by the government as evidence-in-chief at trial.

10       16.   <u>Residual Request</u>. Defendant intends by this discovery motion to invoke
11 the right to discovery to the fullest extent possible under the Federal Rules of Criminal
12 Procedure and the Constitution and laws of the United States. This request specifically includes
13 all subsections of Rule 16. Defendant requests that the Government provide Defendant and his
14 attorney with the above requested material sufficiently in advance of trial to avoid unnecessary
15 delay before trial and before cross-examination.

**III.   LEAVE TO FILE FURTHER MOTIONS**

Defendant hereby requests leave to file further motions as may be necessary.

**IV.   CONCLUSION**

For the reasons stated above, Defendant respectfully requests that this Court grant the foregoing motions.

Dated: <u>March 10, 2008</u>                                  *s/Kurt David Hermansen*
                                                                              Attorney for Defendant
                                                                              Email: KDH@KurtDavidHermansen.com